IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Don Hughes, #256862, | ) | C/A No.: 0:06-2078-JFA-BM |
| | ) | |
|               Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Jack Staudt, in his individual and official capacities; Mark Gethers, in his individual and official capacities, | ) ) ) | |
| | ) | |
|               Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Don Hughes, is an inmate with the South Carolina Department of Corrections (SCDC). He initiated this action pursuant to 42 U.S.C. § 1983 contending that he was unfairly treated and terminated from his job at Williams Technologies (a private industry employing state inmates) in violation of his rights to equal protection under the law.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant defendants' motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

summary judgment.[2] The Magistrate Judge opines that the plaintiff has failed to present any evidence to support a § 1983 equal protection claim in this court.

The Magistrate Judge further recommends that the defendants are not entitled to dismissal of plaintiff's claim based on a failure by the plaintiff to exhaust his administrative remedies; they are entitled to summary judgment on the merits. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation. He filed timely objections[3] to the Report.

Plaintiff's objections consist of a two-page "notice of opposition to the report and recommendation" which simply asserts that the defendants have failed to meet their burden and the court should deny the motion for summary judgment. The affidavit of the plaintiff in support of the objection notice repeats the same facts of the grievances set forth in his amended complaint and earlier pleadings.

After a careful review of the record, the applicable law, the Report and

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff did respond to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

                                                Joseph F. Anderson, Jr.

January 23, 2008                              United States District Judge
Columbia, South Carolina